IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER PARKS, )
)
       Plaintiff, )
) CIVIL ACTION
v. )
) No. 17-1194-JWL
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
       Defendant. )
_____)

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding the ALJ erred in evaluating the treating source opinion of Dr. Chediak, the court ORDERS that the final decision of the Commissioner shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.**     **Background**

Plaintiff argues that the Administrative Law Judge (ALJ) erred in weighing Dr. Chediak's opinion. He seeks an order "[d]irecting the Commissioner to pay [Disability Insurance] Benefits." (Pl. Br. 11).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless,

the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issue raised in Plaintiff's Brief and finds reversible error in the ALJ's evaluation of the treating source opinion of Dr. Chediak.

## II.   Discussion

Plaintiff argues that the ALJ should have given Dr. Chediak's opinion controlling weight pursuant to the treating physician rule, and that in any case the only reason given to discount "Dr. Chediak's opinion was that his 'contemporaneous treatment notes were largely not included within the record.'"  (Pl. Br. 8) (quoting R. 25) (brackets omitted). Pointing to Dr. Chediak's treatment records in the administrative record, Plaintiff argues that "there is no reason to believe the record does not include all of Dr. Chediak's records," and the only reason given by the ALJ to discount his opinion is erroneous. Id.

The Commissioner argues that "[t]he ALJ reasonably found that Plaintiff was performing substantial gainful activity, which precludes an award of disability benefits" at step one of the sequential evaluation process, and that "Plaintiff does not dispute this dispositive finding" which should be affirmed by the court. (Comm'r Br. 5) (bolding omitted). She also provides an alternative argument, that "Plaintiff has not meet [sic] his burden to show that he was harmed by any error that the ALJ made in discounting Dr.

Chediak's opinion." (Comm'r Br. 8) (bolding omitted). She argues that although Plaintiff relies on the vocational expert (hereinafter VE) testimony to argue that absenteeism of eight to ten days a year or less than one day a month precludes performance of competitive work, he ignores the VE testimony that a hypothetical individual with characteristics such as Plaintiff who missed work once or twice a month on a regular basis would be able to sustain employment in the representative jobs to which the VE testified. Id. at 9. Therefore, in her view, a remand would result in the same outcome as here. Id.

### A.     The ALJ's Decision

The court begins, as it must, with the final decision of the ALJ in the case under review. At step one of the sequential evaluation process, the ALJ stated his finding, "The claimant has not engaged in substantial gainful activity since March 1, 2011, the alleged onset date." (R. 19) (bolding omitted). He noted that Plaintiff had worked after the alleged onset date and that the work in 2011 and 2012 met the threshold of presumptive substantial gainful activity. Id. at 19-20. He concluded his step one analysis:

> On its face, this work activity would appear to be substantial gainful activity. However, in the interest of judicial economy, and because the claimant is being found not disabled based on other grounds, the undersigned is not making a separate analysis regarding a denial at step 1 of the sequential evaluation process during this period of time.

(R. 20).

The ALJ discussed Plaintiff's treatment with Dr. Chediak: "The record reveals the claimant received medication management with a psychiatrist, Elisa[1] Chediak, M.D., but the record only contains contemporaneous treatment notes from three visits dating back to April 2014 (Ex. 9F; 15F [(R. 418-20, 430-31)]). Later, he discussed Dr. Chediak's opinion and the weight accorded to it:

> Dr. Chediak opined that the claimant would miss one day of work per month but would not be off task during the day and had only moderate limitations in interacting with the public, asking simple questions, responding appropriately to change, traveling to unfamiliar places, setting realistic goals, and maintaining socially appropriate behavior. The undersigned assigns some weight to this opinion because it is consistent with the claimant's conservative treatment history. However, this opinion is not entitled to greater weight because Dr. Chediak's contemporaneous treatment notes are largely not included within the record.

(R. 24-25) (citation omitted).

### B.   Analysis

Contrary to the Commissioner's argument, the ALJ did not make a dispositive finding of substantial gainful activity at step one. Rather, in the interest of judicial economy he specifically disclaimed "making a separate analysis regarding a denial at step 1 of the sequential evaluation process." (R. 20). The court will not find that Plaintiff should have disputed a potential finding the ALJ specifically refused to consider. Moreover, the "period of time" with which the ALJ appeared to be concerned was named as 2011 and 2012, and he did not even suggest a potential step one decision for the period between 2013 and December 15, 2015, the date of his decision.

---

[1] Dr. Chediak's first name is Elias. (R. 429) (signature block).

As she must, the Commissioner appears to acknowledge that the reason given to discount Dr. Chediak's opinion (because his contemporaneous treatment notes before April 2014 are not in the record) is erroneous.  As Plaintiff points out Exhibit 4F (R. 400-07), appearing in the record although not cited by the ALJ, contains Dr. Chediak's treatment records from his intake appointment, May 20, 2011 through April 16, 2014.

However, the Commissioner's argument that Plaintiff has not shown prejudice from the error is unavailing.  As the Commissioner points out, the VE testified that if an individual who could perform the representative jobs to which she had testified would miss work once or twice a month on a regular basis, they would still be able to sustain employment.  (R. 54).  And, as Plaintiff argues and the Commissioner agrees, immediately thereafter, Plaintiff's attorney asked a question for clarification.  Id.  The question was, "what is the general tolerance for absenteeism?"  (R. 55).  The VE replied, "Routinely we look at somewhere in the range of 8 to 10 days a year, or less than one day a month."  Id.  The hearing ended with that question.  Id.

The Commissioner's argument fails for two reasons.  First, the ALJ discounted Dr. Chediak's opinion and did not assess a need to miss work once or twice a month on a regular basis.  Consequently, he did not need to, and he did not, rely on this testimony of the VE.  Therefore, remand is necessary to determine whether Dr. Chediak's limitations are accepted and, if so, whether they would preclude work in the economy.  Second, as Plaintiff points out, the Commissioner's argument highlights an inconsistency, or at least an ambiguity in the VE testimony.  And, if the ALJ had relied on this testimony, remand would be necessary for the Commissioner to resolve the ambiguity.  Soc. Sec. Ruling 96-

7

8, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2017).  It is the Commissioner's duty to resolve such ambiguities, not the plaintiff's.  Id.

The court notes that Plaintiff seeks an order from this court "[d]irecting the Commissioner to pay" DIB.  (Pl. Br. 16-17).  Plaintiff has waived this argument by failing to develop it.  Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc., 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated May 30, 2018, at Kansas City, Kansas.


                                                  s:/ John W. Lungstrum
                                                  **John W. Lungstrum**
                                                  **United States District Judge**